**FILED**

NOV 3 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

2007 NOV 30 PM 6: 17

NANCY M.
MAYER-WHITTINGTON
CLERK

| | | |
|---|---|---|
| ELAINE SHELTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: |
| vs. | ) | |
| | ) | Case: 1:07-cv-02171 |
| THE RITZ CARLTON HOTEL | ) | Assigned To : Collyer, Rosemary M. |
| COMPANY, LLC | ) | Assign. Date : 11/30/2007 |
| | ) | Description: Employ. Discrim. |
| Defendant. | ) | |
| | ) | |

### PETITION FOR REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that the Defendant, The Ritz-Carlton Hotel Company, LLC hereby removes to this Court the state court action described below.

1.     On October 23, 2007, an action was commenced in the Superior Court of the District of Columbia entitled *Elaine Shelton v. The Ritz Carlton Hotel Company, LLC, 2007 CA 007045 B.*

2.     Defendant was served with summons on October 31, 2007. This notice is timely.

3.     A copy of all process, pleadings and orders served upon defendant in the state court action are attached hereto as Exhibit "A."

4.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. Section 1331, and is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. Section 1441(b) in that it arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000(e).

WHEREFORE Defendant prays that this action be removed to the United States District Court for the District of Columbia.

Respectfully submitted,

CARR MALONEY P.C.

By: _____
    Tina M. Maiolo, Esq., DC Bar No.: 454987
    1615 L Street, NW, Suite 500
    Washington, DC  20037
    (202) 310-5500 /(202) 310-5555 (facsimile)
    Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of November, 2007, a copy of the foregoing was re-sent via first class mail, postage prepaid to Steven C. Kahn, Esq., Law Offices of Steven C. Kahn, 401 East Jefferson Street, Rockville, MD  20850, Attorney for Plaintiff.

_____
Tina M. Maiolo, Esq.



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

ELAINE SHELTON
    Vs.
THE RITZ-CARLTON HOTEL COMPANY

C.A. No.    2007 CA 007045 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge RONNA L BECK
Date:  October 23, 2007
Initial Conference: 9:30 am, Friday, January 25, 2008
Location:  Courtroom 518
          500 Indiana Avenue N.W.
          WASHINGTON, DC 20001

07 2171

# FILED

NOV 3 0 2007

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**



Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

## CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

Elaine Shelton

*Plaintiff*

**vs.**

The Ritz- Carlton Hotel Company, LLC

*Defendant*

Civil Action No. _____

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Steven C. Kahn

Name of Plaintiff's Attorney

401 East Jefferson Street, Suite 201

Address

Rockville. MD 20850

301-838-4113

Telephone

By _____
　　　　　Deputy Clerk

Date 10/23/07

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(1)-446/Mar. 98

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

# IN THE SUPERIOR COURT
## FOR THE DISTRICT OF COLUMBIA

ELAINE SHELTON
2531 Savannah Street, SE #1
Washington, DC 20020

      Plaintiff,

    v.

THE RITZ-CARLTON HOTEL COMPANY, LLC
4445 Willard Avenue, Suite 800
Chevy Chase, MD 20815

      Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. _____

**JURY DEMANDED**

RECEIVED
Civil Clerk's Office
OCT 2 3 2007
Superior Court of the
District of Columbia D.C.

## COMPLAINT FOR DISCRIMINATORY DENIAL OF PROMOTION

Plaintiff Elaine Shelton alleges:

### JURISDICTION AND VENUE

1.    Jurisdiction is conferred on the Court by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f). In addition, the Court has personal jurisdiction over Defendant Ritz-Carlton Hotel Company, LLC ("Ritz-Carlton"), which does business in the District of Columbia. Plaintiff has satisfied conditions precedent to suit under Title VII, including, in particular, exhaustion of administrative remedies.

2.    Venue properly lies in this judicial district in which the unlawful employment practices were committed and in which the parties reside.

### PARTIES

3.    Plaintiff Elaine Shelton, an African-American female, seeks relief under Title VII for an illegal denial of promotion in May, 2005 and again in September, 2005.

4.      Defendant, a corporation headquartered in Chevy Chase, MD, is engaged in the business of providing hospitality at hotels and spas at 66 locations worldwide.

## COMMON ALLEGATIONS

5.      Plaintiff began her employment with Ritz-Carlton in September, 2000 as a Cook III at its 22nd Street location in Washington, D.C. Plaintiff had previously been employed as a cook for several years by Marriott International, Inc., which owns Ritz-Carlton.

6.      Within a month of her hire by Ritz-Carlton, Plaintiff was promoted to the position of Cook II. Throughout her employment, Plaintiff has received consistently favorable performance evaluations.

7.      The Ritz-Carlton operates several cooking departments at its 22nd Street location, including an Employee Dining Room, a Banquet Kitchen, the Gardemanger Kitchen and In Room Dining. The cooking hierarchy at the hotel includes an Executive Chef, two Sous Chefs, and Cooks I-III. At relevant times, Ritz-Carlton employed seven or eight Cooks I.

8.      As a Cook II, Plaintiff principally worked in the Employee Dining Room. However, throughout her seven years of employment at the Ritz-Carlton, she acquired significant experience in virtually every cooking department, including "fine dining" experience in the Banquet Kitchen and in the Gardemanger Kitchen. Even as a Cook II in the Employee Dining Room, Plaintiff has not simply prepared pre-cooked meals. Rather, her duties have included prepping, cooking, developing menus and recipes, and tracking inventory. On many occasions, Plaintiff has taken the lead role in the kitchen in the absence of a chef.

2

9.    In 2004, Plaintiff applied for a transfer and promotion to the position of Employee Dining Room supervisor at Ritz-Carlton's Georgetown location. She was denied the promotion on the asserted ground of "inexperience."

10.    In May, 2005, Plaintiff applied for an advertised position as Cook I in the Banquet Kitchen. She was not selected, or even interviewed, for the position. Ritz-Carlton filled the opening with an Hispanic male, an out-of-state candidate who was subsequently forced to resign because of poor work performance.

11.    In early September, 2005, Plaintiff applied for an advertised position as Cook I in the Gardemanger Kitchen. Plaintiff was the sole applicant for the job.

12.    Plaintiff was advised by the Executive Chef, a white male, that as part of the application process, she would be required to participate in a tasting test and would be judged on several factors, including taste, presentation, food temperature and demonstrated organizational skills in preparation of the meal. The tasting test was administered by the Sous Chef, an Hispanic male, who complained that the asparagus was not cut properly and that she had not chosen the correct plate for her presentation.

13.    No tasting test had ever been required of an applicant for a Cook I position other than Plaintiff.

14.    Several weeks passed without word regarding the status of Plaintiff's promotion request. Plaintiff's subsequent inquiries remained unanswered. Ritz-Carlton never informed her of her nonselection.

15.    Rather than offer Plaintiff the position of Cook I, Ritz-Carlton withdrew the job posting and created a new Junior Sous Chef position, which was not advertised. Plaintiff

3

was unaware that a new job had been created until the successful candidate, a white male, began working.

16.    At least five African-Americans, four of whom are female, have applied for the position of Cook I at the Ritz-Carlton during Plaintiff's tenure. None was selected. No African-American has ever been hired by Ritz-Carlton as a Cook I (or chef) at its 22nd Street location.

17.    Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"), alleging that Ritz-Carlton denied her promotion on the basis of her race and gender. Following an investigation, the EEOC, on May 29, 2007, issued its Determination, finding that Ritz-Carlton "discriminated against Charging Party due to her sex, female, and race, Black, regarding promotion in violation of Title VII." See Exhibit A at 2.

18.    The Ritz-Carlton declined the EEOC's invitation to conciliate and, accordingly, on July 25, 2007, the EEOC issued Plaintiff a notice of right to sue. Plaintiff has filed suit within 90 days of her receipt of notice.

## COUNT I

## (Discriminatory Denial of Promotion in Violation of Title VII)

19.    Plaintiff incorporates ¶¶ 1-18.

20.    Defendant Ritz-Carlton was at relevant times Plaintiff's "employer," as defined by Title VII, 42 U.S.C. § 2000e(b).

21.    As an African-American woman, Plaintiff is a member of a protected subclass under Title VII.

22.    Plaintiff was qualified for the promotional opportunities for which she applied.

4

23.    The positions for which Plaintiff was not selected despite her qualifications were filled by individuals who either were not members of a protected group or were not members of Plaintiff's protected subclass.

24.    Plaintiff's race and gender were motivating factors in Ritz-Carlton's decisions to deny her promotion. Accordingly, her nonselection violated Title VII, 42 U.S.C. § 2000e-2(a)(1).

25.    The Ritz-Carlton's withdrawal of the posting for the Cook I position in the Gardemanger Kitchen, and its subsequent creation of a new position, Junior Sous Chef that was not posted or otherwise known to Plaintiff, were discriminatorily motivated and thereby violated Title VII, 42 U.S.C. § 2000e-3(a).

**WHEREFORE,** Plaintiff requests that this Court enter judgment against Ritz-Carlton and award her appropriate compensatory and punitive damages; back pay measured by the difference between her compensation and benefits as Cook II and the compensation and benefits she would have enjoyed in the jobs she was discriminatorily denied; other appropriate legal and equitable relief, including, but not limited to, instatement in the position of Cook I at Ritz-Carlton's 22nd Street location; and reasonable attorney's fees and costs incurred in prosecuting this action.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

**LAW OFFICES OF STEVEN C. KAHN**

By: _____

Steven C. Kahn
D.C. Bar #330431
401 E. Jefferson Street, Suite 201
Rockville, MD 20850
(301)-838-4113

**CONNOLLY RODGERS & SCHARMAN, LLC**

By: _____

Clifford Scharman
D.C. Bar # 385324
5028 Wisconsin Avenue, NW, Suite 300
Washington, DC 20016
(202)-537-6789

Attorneys for Plaintiff

October 23, 2007

6



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Baltimore Field Office**

10 S. Howard Street, 3rd Floor
Baltimore, MD 21201
PH: (410) 962-3932
TDD: (410) 962-6065
FAX: (410) 962-4270
EEOC Web Site: www.eeoc.gov

Charge No. 570-2006-00508C

Ms. Elaine Shelton
2531 Savannah Street, SE #1
Washington, DC 20020                     **CHARGING PARTY**

The Ritz-Carlton Hotel Company, LLC
1150 22nd Street, NW
Washington, DC 20037                     **RESPONDENT**

## DETERMINATION

Under the authority vested in me by the Commission's Procedural Regulations, I issue on behalf of the Commission the following determination on the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964, as amended, (hereinafter referred to as "Title VII"). Respondent is an employer within the meaning of Title VII and all jurisdictional requirements for coverage have been met.

Charging Party alleged that she was discriminated against with regard to promotion based on her sex, female, and race, Black.. Within a month of Charging Party beginning employment, Respondent promoted Charging Party to the position of Cook II in October 2000, and she remains employed as a Cook II.. In May 2005, Charging asserted she applied for an advertised position of Cook I in the Banquet Kitchen (representing a promotion for her), but Respondent did not select her, being told a more qualified candidate had been chosen (a White male). Charging Party states that approximately the same time of her rejection for this promotion, another vacant Cook I position in the Gardemanger Kitchen was advertised. She applied for this position and was the sole applicant. Upon receipt of the application, Charging Party described being told she would be required to participate in a tasting test and would be judged on many factors including taste, appearance, food temperature and organizational skills while preparing the meal. Charging Party maintained no other applicant for a Cook I position was required to complete this "tasting." Following the tasting, Charging Party stated she was informed that she required more experience and would not be selected to the position of Cook I. In November 2005, Respondent pulled the job posting for the position of Cook I and created a new position of Supervisory Junior Sous Chef. Charging Party stated she did not possess the necessary qualifications for this newly created position; therefore, was not a candidate considered for promotion. According to Charging party, Respondent hired a White male for Junior Sous Chef.

Respondent denied all allegations of discrimination and retaliation. It acknowledged Charging Party applied for both positions, but maintained Charging Party cannot establish a prima facie case with respect to either alleged failure to promote situations. Specific to the position in the Banquet Kitchen, Respondent maintains they hired a more qualified and experienced candidate

Exhibit A

Determination (cont).
Charge No: 570-2006-00508C
Page 2

for the position. Respondent states they never filled the position of Gardemanger Cook I;
therefore, Charging Party cannot show a violation of the law with regard to promotion. In
addition, Respondent states Charging Party failed to apply for the position of Junior Sous Chef
and was not considered. Respondent asserts Charging Party was not qualified for either of the
positions in which she applied due to her lack of experience preparing food in a fine dining
atmosphere or at least one year of experience as a lead line cook in such an environment.

Evidence shows Charging Party has been employed by Respondent in the position of Cook II for
approximately five years. She applied for two promotional opportunities to the positions of
Cook I Banquet Kitchen and Cook I Gardemanger Kitchen. The evidence shows Charging Party
met the basic qualifications of each of these positions. Specific to the position in the Banquet
Kitchen, the evidence shows Respondent selected a Hispanic, male candidate. In the second
position of Gardemanger Kitchen, the evidence shows Charging Party was the only applicant for
the position. Respondent required Charging Party to participate in a taste testing. The evidence
shows this practice to be inconsistent with the normal hiring procedures in the position of Cook I.
As a result, Charging Party was not selected to the position and told the reasons were due to lack
of experience. The evidence shows Respondent continued to seek a candidate to fill the position;
however, eventually the posting was pulled and a modification to the position was made. The
new position, Junior Sous Chef, was created. Due to lack of qualifications, CP was unable to
apply for this position. The evidence shows Respondent hired a White, male for the position.

Based on the analysis of evidence, I have determined that Respondent discriminated against
Charging Party due to her sex, female and race, Black regarding promotion in violation of Title
VII.

Upon finding that there is reason to believe that violations have occurred, the Commission
attempts to eliminate the alleged unlawful practices by informal methods of conciliation.
Therefore, the Commission now invites the parties to join with it in reaching a just resolution of
this matter. The confidentiality provisions of the statute and Commission Regulations apply to
information obtained during conciliation.

In this regard, conciliation of this matter has now begun. Please be advised that any reasonable
offer to resolve this matter will be considered. The Commission can seek an amount inclusive of
full backpay (total wage loss) with interest, benefits, and actual monetary costs incurred by the
Charging Party. A Commission representative will prepare and monitor an actual dollar amount
to include accruing wage losses and attendant benefits, with interest to date; any appropriate front
pay; and, if appropriate, attorney fees and costs which have accrued to date. Again, the
Commission is postured to consider any reasonable offer during this period. If an offer has not
previously been submitted, Respondent is requested to accept, reject, or submit a counteroffer to
the conciliation proposal which will be forthcoming on behalf of Charging Party.

If the Respondent declines to discuss settlement or when, for any other reason, a settlement

Determination (cont).
Charge No: 570-2006-00508C
Page 3

acceptable to the office Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission.

ON BEHALF OF THE COMMISSION:

MAY 2 9 2007

_____
Date

Gerald S. Kiel
Director

cc:    Mr. Darryl L. Franklin, Esquire
       Corporate Counsel
       Marriott International, Inc.
       Marriott Drive
       Washington, DC 20058

...eet Jefferson Street
...ville, MD 20850

Patent ISO Corporation
System Inc.
1090 Vermont Ave, N.W.
Washington, D.C. 20005

430

7006 0810 0000 2670 6458

CERTIFIED MAIL

U.S. POSTAGE
PAID
CHEVY CHASE, MD
20813
OCT 30, 07
AMOUNT
$6.11
0002442S-13

20005

0000

UNITED STATES
POSTAL SERVICE

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

|  |  |  |
|---|---|---|
| **ELAINE SHELTON** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | Civil Action No.: 2007CA7045B |
| **v.** | ) | Judge Ronna L. Beck |
| | ) | Next Event Initial Scheduling Conference |
| **THE RITZ-CARLTON HOTEL** | ) | January 25, 2008 |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### PRAECIPE

The Clerk of the Court will please enter the appearance of Thomas L. McCally, Tina M. Maiolo and Carr Maloney P.C. as counsel for the Defendant, The Ritz-Carlton Hotel.

Respectfully submitted,

CARR MALONEY P.C.

By:_____
   Thomas L. McCally, Esq., DC Bar 391937


By:_____
   Tina M. Maiolo, Esq., DC Bar No.: 454987
   1615 L Street, NW, Suite 500
   Washington, DC 20037
   (202) 310-5500 /(202) 310-5555 (facsimile)
   Attorney for Defendant

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 27th day of November, 2007, a copy of the foregoing was re-sent via first class mail, postage prepaid to Steven C. Kahn, Esq., Law Offices of Steven C Kahn, 401 East Jefferson Street, Rockville, MD 20850, Attorney for Plaintiff.

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

|  |  |  |
|---|---|---|
| **ELAINE SHELTON** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No.: 2007 CA 7045 B |
| | ) | Judge Ronna L. Beck |
| | ) | Next Event Initial Scheduling Conference |
| **THE RITZ–CARLTON HOTEL** | ) | January 25, 2008 |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### PRAECIPE FOR EXTENSION OF TIME IN WHICH TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT

Pursuant to DC-SCR 55(a)(2), the Clerk of the Court will please extend the time in which to answer or otherwise respond to Plaintiff's Complaint by fourteen (14) days. This extension may be accomplished by Praecipe because the request is for a one-time extension, the original time in which to answer has not expired, and the time requested does not exceed twenty (20) days. Undersigned counsel for The Ritz-Carlton represents under penalties of perjury that she is authorized to execute this Praecipe on behalf of plaintiff's counsel.

Respectfully submitted,

/s/

By:_____
    Steven C. Kahn, Esq.
    Law Offices of Steven C Kahn
    401 East Jefferson Street
    Rockville, MD 20850
    (301) 838-4113
    Attorney for Plaintiff

By:_____
    Tina M. Maiolo, Esq., DC Bar No.: 454987
    1615 L Street, NW, Suite 500
    Washington, DC 20037
    (202) 310-5500 (telephone)
    (202) 310-5555 (facsimile)
    Attorney for Defendant

**CSC.**

CORPORATION SERVICE COMPANY®

# Notice of Service of Process

LDD / ALL
Transmittal Number: 5419392
Date Processed: 10/31/2007

| | |
|---|---|
| **Primary Contact:** | Maureen Del Duca<br>Marriott International, Inc.<br>10400 Fernwood Road<br>Bethesda, MD 20817 |
| **Copy of transmittal only provided to:** | Barney Joseph<br>Doris Spinks<br>Kimberly Florczyk |

| | |
|---|---|
| **Entity:** | The Ritz-Carlton Hotel Company, L.L.C.<br>Entity ID Number 1635984 |
| **Entity Served:** | The Ritz-Carlton Hotel Company, LLC |
| **Title of Action:** | Elaine Shelton vs. The Ritz-Carlton Hotel Company, LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court:** | Superior Court, District Of Columbia |
| **Case Number:** | 2007 CA 007045 B |
| **Jurisdiction Served:** | District Of Columbia |
| **Date Served on CSC:** | 10/31/2007 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Plaintiff's Attorney:** | Steven C. Kahn<br>301-838-4113 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ELAINE SHELTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 2007 CA 007045 B |
| | ) |
| THE RITZ CARLTON HOTEL | ) |
| COMPANY, LLC | ) |
| | ) |
| Defendant. | ) |
| | ) |

## NOTICE OF FILING NOTICE OF REMOVAL

TO:    Steven C. Kahn, Esq.
       Law Offices of Steven C. Kahn
       401 East Jefferson Street
       Rockville, MD 20850
       Attorney for Plaintiff.

PURSUANT TO 28 U.S.C. §1446, you are hereby notified that a Petition for Removal has been filed in the United States District Court for the District of Columbia, A copy of said Petition is attached hereto for your information and prayed to be made a part thereof. You are also advised that the undersigned filed a copy of said Petition with the Clerk of the Superior Court for the District of Columbia, pursuant to the aforementioned Section of the United States Code this 30th day of November, 2007.

Respectfully submitted,

CARR MALONEY P.C.

By: _____
    Tina M. Maiolo, Esq., DC Bar No.: 454987
    1615 L Street, NW, Suite 500
    Washington, DC 20037
    (202) 310-5500 /(202) 310-5555 (facsimile)
    Attorney for Defendant

Notice of removal to plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of November, 2007, a copy of the foregoing was re-sent via first class mail, postage prepaid to Steven C. Kahn, Esq., Law Offices of Steven C. Kahn, 401 East Jefferson Street, Rockville, MD 20850, Attorney for Plaintiff.

_Tina M. Maiolo_

_____

Tina M. Maiolo, Esq.

H 07-2171 RMC

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

RECEIVED
U.S. DISTRICT COURT

## I (a) PLAINTIFFS

ELAINE SHELTON

11001

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Steven C. Kahn, Esq.
Law Offices of Steven C Kahn
401 East Jefferson Street
Rockville, MD 20850
301-838-4113

## DEFENDANTS

8888

THE RITZ CARLTON HOTEL COMPANY, LLC
4445 Willard Ave., #800 Chevy Chase MD20815

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRAC
LAND INVOLVED

Case: 1:07-cv-02171
Assigned To : Collyer, Rosemary M.
Assign. Date : 11/30/2007
Description: Employ. Discrim.

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
Plaintiff

○ 3 Federal Question
(U.S. Government Not a Party)

○ 2 U.S. Government
Defendant

◉ 4 Diversity
(Indicate Citizenship of
Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY**

|  | PTF | DFT |  | PTF |
|---|---|---|---|---|
| Citizen of this State | ◉ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 |
| Citizen of Another State | ○ 2 | ⊗ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A.** *Antitrust*

☐ 410 Antitrust

○ **B.** *Personal Injury/ Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restrai Order/Preliminary Injunction*

Any nature of suit from any categor be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E.** *General Civil (Other)*          **OR**          ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 U 3410
☐ 900 Appeal of fee determinati under equal access to Jus
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions ( not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ◉ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Co* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act |

**V. ORIGIN**

○ 1 Original Proceeding   ◉ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judg from Mag. J

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 USC Section 144(b) in that it arises under Title VII of the Civil Rights Act of 1964, 42 USC Section 2000(e)

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23 | DEMAND $ NOT STATED   Check YES only if demanded in c<br>JURY DEMAND:   YES ☒   NO ☐ |
|---|---|---|

| **VIII. RELATED CASE(S) IF ANY** | (See instruction)   YES ☐   NO ☒ | If yes, please complete related case form. |
|---|---|---|

DATE  11/30/07          SIGNATURE OF ATTORNEY OF RECORD   *Tina Maiolo (JA)*

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk o Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT  (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Se II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found und the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Cler Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.