IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
ELAINE SHELTON                              )
                                            )
       Plaintiff                            )
       v.                                   )     Case No.: 07-2171 RMC
                                            )
THE RITZ-CARLTON HOTEL COMPANY, LLC,        )
                                            )
       Defendant.                           )
                                            )
_____)

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S
MOTION TO RECONSIDER IN PART OR, ALTERNATIVELY,
TO CERTIFY AN INTERLOCUTORY APPEAL**

    In its motion for partial reconsideration or, alternatively, for certification under 28 U.S.C. § 1292(b), defendant Ritz Carlton Hotel Company, LLC ("Ritz Carlton") asks this Court not only to compel arbitration of plaintiff Elaine Shelton's September, 2005 nonpromotion claim but also to render the arbitration a dead letter by preserving its ability to assert a limitations bar. The Supreme Court, in establishing and reaffirming the general principle that discrimination claims arising under federal statutes may be subject to mandatory arbitration, underscored that by agreeing to arbitrate, parties do "not forego the substantive rights afforded by the statute; [they] only submit[] to their resolution in an arbitral, rather than a judicial, forum." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 26 (1991); Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 123 (2001) (accord).

    In line with the Supreme Court's admonition, several courts have declined to enforce predispute arbitration agreements that impose significant limitations on the remedies available to plaintiffs. Other courts have enforced the agreements while striking or modifying offending

provisions. E.g., Graham Oil v. Arco Prods. Co., 43 F. 3d 1244, 1248-49 (9th Cir. 1994) (arbitration clause that purported to waive federal statutory remedies and to impose a shorter statute of limitations was unenforceable), cert. denied, 516 U.S. 907 (1995); DeGaetano v. Smith Barney, Inc., 983 F. Supp. 459, 464-70 (S.D.N.Y. 1997) (provision barring award of statutory attorney's fees stricken from agreement).

This Court conditioned enforcement of Ritz Carlton's arbitration agreement on its payment of arbitration fees and expenses in excess of $50 and on its waiver of the agreement's one-year statute of limitations. See May 8, 2008 Memorandum Opinion (Document 8) at 9-10, 11, citing Cole v. Burns Internat'l Sec. Servs 105 F.3d 1465, 1486 (D.C.Cir. 1997). Ritz Carlton does not challenge the former requirement, but does contend that the Court was without power to bar assertion of a limitations defense. See Def. Mtn. at 2.[1]

Contrary to Ritz Carlton's mistaken view, the issue is not one of subject matter jurisdiction. As a threshold difficulty, Ritz Carlton, in its initial motion, did not challenge subject matter jurisdiction. On the contrary, Ritz Carlton filed a motion to dismiss and to compel arbitration in accordance with the Federal Arbitration Act, 9 U.S.C. § 1 et seq. And, in its accompanying Memorandum (at p.1), Ritz Carlton characterized its motion as simply a motion to compel under 9 U.S.C. § 4. Nowhere in its motion to dismiss does Ritz Carlton refer to Rule 12(b)(1) or subject matter jurisdiction.

In any event, this Court plainly has jurisdiction under 29 U.S.C. §1331 and 42 U.S.C. § 2000e-5(f)(3) because Shelton's discrimination claims arise under Title VII. Discover Bank v. Vaden, 396 F.3d 366, 373 (4th Cir. 2005) ("A federal court may therefore hear a § 4 petition to

---

[1] Ritz Carlton does not explain why this Court retained the power to shift costs to defendant as a condition of referral to arbitration, but not the power to impose the waiver. Nor does a plausible explanation suggest itself.

compel arbitration if, but for the arbitration agreement, subject matter jurisdiction over the case would otherwise exist by virtue of a properly invoked federal question in the underlying dispute"); Lloyd v. Hovensa, 360 F.3d 263, 267-68 (3d Cir. 2004) (accord).  Once arbitration is compelled, judicial proceedings should be stayed under 9 U.S.C. § 3 pending the outcome of arbitration.  Sapiro v. Verisign, 310 F. Supp. 2d 208, 214-15 (D.D.C. 2004).[2]

The foregoing jurisdictional grants plainly give district courts power to condition a referral to mandatory arbitration upon waiver of procedural bars or lifting of unreasonable contractual limitations on remedies.  Indeed, this is precisely what the Court in Cole, 105 F.3d 1465 contemplated in the interest of "saving" predispute arbitration agreements and promoting the federal labor policy favoring arbitration.[3]

Finally, the Court appropriately treated Ritz Carlton's request to compel arbitration as a "concession on the time bar issue."  (Memorandum Opinion at 11).  Ritz Carlton elected to exercise its right under the parties' agreement to proceed in arbitration - - an election that implicitly carried with it a waiver of procedural bars to arbitration.[4]  See generally Cole, 105 F.3d at 1482 ("At a minimum, statutory rights include both a substantive protection **and** access to a neutral forum in which to enforce those protections") (emphasis in original). To conclude otherwise would mean that Shelton, who acted timely in bringing her statutory discrimination claims to the EEOC and to this Court, would nonetheless potentially lose her right to seek relief

---

[2] A stay herein is particularly appropriate given the Court's continuing role in the controversy. Cf. Booker v. Robert Half Intern, Inc., 315 F. Supp. 2d 94, 99 (D.D.C. 2004) ("How the parties style the motion seeking arbitration is not determinative").

[3] Ritz Carlton misplaces its reliance on Agrocomplect, AD v. Republic of Iraq, 524 F. Supp. 2d 16 (D.D.C. 2007), which involved breach of contract claims arising under the Foreign Sovereign Immunities Act's exceptions to sovereign immunity.  Neither the FAA nor the Gilmer line of authority was at issue.

[4] Contrary to Ritz Carlton's mistaken view, waiver arises automatically from a request to proceed in arbitration, not from a failure to plead the limitations bar.

because she did not also act in a timely manner under Ritz Carlton's arbitration agreement. <u>Cole</u>, 105 F. 3d at 1483 ("A federal court, before enforcing an employer's demand for arbitration under an employment contract, may - - indeed, must - - scrutinize the agreed-upon or contemplated arbitration system" (internal citation omitted)).

The Supreme Court, in endorsing mandatory predispute arbitration agreements, did not endorse a procedure that would deprive plaintiffs of meaningful relief altogether. <u>Mitsubishi Motors Corp v. Soler Chrysler-Plymouth, Inc</u>., 483 U.S. 614, 628 (1985) ("so long as the prospective litigant effectively may vindicate [his or her] statutory cause of action in the arbitral forum, the statute will continue to serve both its remedial and deterrent function"); <u>Gilmer</u>, 500 U.S. at 26 (plaintiffs can fairly be required under an arbitration agreement to forego judicial remedies and procedures as long as compulsory arbitration affords meaningful relief) <u>Cole</u>, 105 F.3d at 1468 (reading <u>Gilmer</u> as requiring only "the enforcement of arbitration agreements that do not undermine the relevant statutory scheme"). Ritz Carlton's attempt to deprive Shelton of a meaningful remedy on her September, 2005 nonpromotion claim must be rejected.

## CONCLUSION

For the reasons stated, plaintiff requests that defendant's motion be denied.

Respectfully submitted,

**LAW OFFICES OF STEVEN C. KAHN**

By:_____/s/_____
Steven C. Kahn
D.C. Bar #330431
401 E. Jefferson Street, Suite 201
Rockville, MD 20850
(301)-838-4113

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 2, 2008 a copy of the foregoing was served electronically upon Tina M. Maiolo, Carr, Maloney, 1615 L Street, NW, Suite 500, Washington, DC 20036, counsel for Ritz-Carlton.


_____/s/_____
Steven C. Kahn