IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ELAINE SHELTON | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | Case No. 07-2171 (RMC) |
| | : | |
| THE RITZ CARLTON HOTEL COMPANY, LLC | : | |
| | : | |
| Defendant | : | |

## ANSWER

Defendant, The Ritz-Carlton Hotel Company, LLC. ("Defendant"), through counsel, responds to Plaintiff's Complaint as follows:

### Jurisdiction and Venue

1. Paragraph one of the Complaint contains a legal conclusion to which no response is necessary. To the extent that a response is required, Defendant denies the allegations and demands strict proof thereof.

2. Paragraph two of the Complaint contains a legal conclusion to which no response is necessary. To the extent that a response is required, Defendant denies the allegations and demands strict proof thereof

### Parties

3. Paragraph three of the Complaint contains a legal conclusion to which no response is necessary. To the extent that a response is required, Defendant denies said allegations and demands strict proof thereof.

4. With respect to the allegations contained in paragraph four of the Complaint, Defendant admits that Marriott International, Inc. is headquartered in Chevy Chase, Maryland,

but denies the rest of the allegations contained in paragraph four of the Complaint and demands strict proof thereof.

## Allegations

5.  Defendant admits that Plaintiff was previously employed by Marriott International, Inc., but denies the rest of the allegations as either inaccurate or containing a legal conclusion to which no response is required.

6.  Defendant denies the allegations contained in paragraph six of the Complaint and demands strict proof thereof.

7.  Defendant is without sufficient knowledge as to Plaintiff's intended meanings of the words "operates" and "departments." Defendant denies the allegations contained in Paragraph 7 and demands strict proof thereof.

8.  With respect to the allegations contained in paragraph eight of the Complaint, Defendant admits that Plaintiff worked in the Employee Dining Room. Defendant denies the remainder of the allegations contained in paragraph eight and demands strict proof thereof.

9.  Defendant denies the allegations contained in paragraph nine of the Complaint and demands strict proof thereof.

10.  Defendant denies Plaintiff "applied" for the position of Cook I in the Banquet Kitchen. Defendant admits that Plaintiff was not interviewed or selected for the position. Defendant also admits that a Hispanic male was chosen as the most qualified candidate. The remainder of the allegations contained in paragraph ten of the Complaint are denied and Defendant demands strict proof thereof.

11.  To the extent that Defendant must respond to any allegations regarding Plaintiff's request for a transfer to the Cook I position in September 2005 in light of the fact that this Court

does not have jurisdiction over that claim, Defendant denies the allegations contained in paragraph 11 of the Complaint and demands strict proof thereof.

12. To the extent that Defendant must respond to any allegations regarding Plaintiff's request for a transfer to the Cook I position in September 2005 in light of the fact that this Court does not have jurisdiction over that claim, Defendant denies the allegations contained in paragraph 12 of the Complaint and demands strict proof thereof.

13. To the extent that Defendant must respond to any allegations regarding Plaintiff's request for a transfer to the Cook I position in September 2005 in light of the fact that this Court does not have jurisdiction over that claim, Defendant denies the allegations contained in paragraph 13 of the Complaint and demands strict proof thereof.

14. To the extent that Defendant must respond to any allegations regarding Plaintiff's request for a transfer to the Cook I position in September 2005 in light of the fact that this Court does not have jurisdiction over that claim, Defendant denies the allegations contained in paragraph 14 of the Complaint and demands strict proof thereof.

15. To the extent that Defendant must respond to any allegations regarding Plaintiff's request for a transfer to the Cook I position in September 2005 in light of the fact that this Court does not have jurisdiction over that claim, Defendant admits that the position of Cook I for which she applied in September 2005 was abolished and a Junior Sous Chef position was created. Defendant denies the remainder of the allegations contained in paragraph 15 of the Complaint and demands strict proof thereof.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint and demands strict proof thereof.

17. Defendant admits the allegations contained in paragraph 17.

18.     Defendant admits the allegations contained in paragraph 18.

## Count I

### DISCRIMINATORY DENIAL OF PROMOTION IN VIOLATION OF TITLE VII

19.     Defendant incorporates by reference the responses to the allegations contained in the preceding paragraphs as if fully set forth herein.

20.     Paragraph 20 of the Complaint contains a legal conclusion to which no response is necessary.  To the extent that a response is required, Defendant denies said allegations and demands strict proof thereof.

21.     Paragraph 21 of the Complaint contains a legal conclusion to which no response is necessary.  To the extent that a response is required, Defendant denies said allegations and demands strict proof thereof

22.     Defendant asserts that this Court does not have subject matter jurisdiction over Plaintiff's claim for failure to promote arising out of the position for which she requested a transfer in September 2005, with respect to the May 2005 position, Defendant denies the allegations contained in paragraph 22 of the Complaint and demands strict proof thereof.

23.     Defendant asserts that this Court does not have subject matter jurisdiction over Plaintiff's claim for failure to promote arising out of the position for which she requested a transfer in September 2005, with respect to the May 2005 position, paragraph 23 of the Complaint contains a legal conclusion to which no response is necessary.  To the extent that a response is required, Defendant denies said allegations and demands strict proof thereof.

24.     Defendant asserts that this Court does not have subject matter jurisdiction over Plaintiff's claim for failure to promote arising out of the position for which she requested a transfer in September 2005, with respect to the May 2005 position, paragraph 24 of the

Complaint contains a legal conclusion to which no response is necessary. To the extent that a response is required, Defendant denies said allegations and demands strict proof thereof.

25. Defendant asserts that this Court does not have subject matter jurisdiction over Plaintiff's claim for failure to promote arising out of the position for which she requested a transfer in September 2005, notwithstanding, to the extent a response is required, Defendant denies said allegations and demands strict proof thereof. Defendant further denies that Plaintiff is entitled to the relief requested, and demands strict proof thereof.

## **AFFIRMATIVE DEFENSES**

26. Defendant affirmatively asserts that the Plaintiff's claim is barred, in whole or in part, by the applicable statute of limitations.

27. Defendant affirmatively asserts that the Plaintiff's claim is barred, in whole or in part, by the Plaintiff's failure to exhaust administrative remedies.

28. Defendant affirmatively asserts that the Plaintiff's claim is barred, in whole or in part, by the doctrine of estoppel.

29. Defendant affirmatively asserts that the Plaintiff's claim is barred, in whole or in part, by the doctrine of unclean hands.

30. Defendant affirmatively asserts that the Plaintiff failed to mitigate her damages, if any.

31. Defendant affirmatively asserts that it at all times acted in good faith and had reasonable grounds for believing that its actions were in compliance with applicable law.

32. Defendant affirmatively asserts that it had a readily accessible and effective policy for reporting and resolving complaints of sexual harassment, and that the Plaintiff unreasonably failed to avail herself of that employer-provided preventive/remedial apparatus.

33.     Defendant affirmatively asserts that this Court does not have subject matter jurisdiction over Plaintiff's claim for failure to promote arising out of the position for which she requested a transfer in September 2005.

WHEREFORE, having fully responded to the allegations contained in the Complaint, Defendant hereby requests that this action be dismissed with prejudice. Defendant further requests that it be awarded reasonable fees and costs incurred in defending against this action, and that it be granted such other or further relief as this Court in equity deems just, necessary or proper.

        Respectfully submitted,

        CARR MALONEY P.C.

        By:  /s/ Tina M. Maiolo
          Tina M. Maiolo, Esq., #40512
          1615 L Street, NW, Suite 500
          Washington, DC 20036
          (202) 310-5500/(202) 310-5555 (FAX)
          Attorneys for Defendant
          tm@carrmaloney.com

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 5th day of June, 2008, a copy of the foregoing was sent via the Court's electronic filing system to Steven Charles Kahn, Esq., 401 East Jefferson St. Suite 201, Rockville, MD 20850.

        Respectfully submitted,

        CARR MALONEY P.C.


        By: /s/ Tina M. Maiolo
           Tina M. Maiolo, Esq., #40512
           1615 L Street, NW, Suite 500
           Washington, DC  20036
           (202) 310-5500/(202) 310-5555 (FAX)
           Attorneys for Defendant
           tm@carrmaloney.com