**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ELAINE SHELTON,  )<br>  )<br>  Plaintiff,  )<br>  )<br>  vs.  )<br>  )<br>THE RITZ CARLTON HOTEL  )<br>  COMPANY, LLC  )<br>  )<br>  Defendant.  )<br>_____ ) | Case No.: 07-2171 (RMC) |

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO RECONSIDER IN PART OR, IN THE ALTERNATIVE, MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL**

Plaintiff's Opposition to Defendant's Motion to Reconsider in Part or, in the Alternative, Motion for Certification for Interlocutory Appeal ("Pl. Opp.") boldly asserts that Defendant's decision to go to arbitration "implicitly carried with it a waiver of procedural bars to arbitration." See Pl. Opp. at p. 3.  Furthermore, Plaintiff mistakenly argues, Defendant has "automatically" waived its defenses relating to its contention that Plaintiff's failure to act in a timely manner under the arbitration agreement that she entered into with the Defendant.  As a result, Plaintiff essentially asks this Court to deny Defendant its valid right to assert defenses based on contractual agreements with Plaintiff.  To do so, however, would wrongfully allow Plaintiff to proceed with her action in this forum despite her decision to waive her right to proceed with her claims in mandatory arbitration as contemplated in her contract and agreement with Defendant.  Simply stated, Plaintiffs and Defendant knowingly and voluntarily entered into an agreement which included an arbitration clause.  Under the indisputable terms of that contract, Plaintiff was contractually obligated to proceed directly to arbitration, not court.  By defying that contractual

obligation, Plaintiff missed the time frame within which she could have asserted her claims against Defendant.

Written agreements to arbitrate are valid and enforceable in the District of Columbia, and this Court has interpreted this same arbitration clause and determined that it was in fact valid and enforceable for claims that arise out of the Plaintiff's employment with Defendant.  This Court, therefore, should reconsider its ruling that Defendant waived its defense of timeliness and allow the parties to address that issue in the proper forum – arbitration.  The enforceability of an arbitration clause in a contract is governed by the District of Columbia "Uniform Arbitration Act" ("DCUAA"), Title 16 of the District of Columbia Official Code – Particular Actions, Proceedings and Matters (2001), Section 4301 provides that:

> A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds as exist in law or in equity for the revocation of any contract.  This chapter also applies to arbitration agreements between employers and employees or between their respective representatives.

Therefore, under this provision of the D.C. Code and the subsequent case law regarding these types of disputes, this Court should "give effect to arbitration clauses contained in freely negotiated contracts."  See *Weatherly Cellaphonics Partners v. Hueber*, 726 F. Supp. 319 (1989).  Plaintiff does not, and cannot, dispute that she voluntarily and knowingly has entered into the employment contract with Defendant which contained the arbitration clause at issue.  Moreover, Plaintiff does not, and cannot, dispute that the agreement to arbitrate contained a one-year time period for which she needed to act otherwise she would risk having her claim barred due to her failure to assert her claims in a timely manner in the contractually agreed upon forum.  Plaintiff failed to assert her claims in the arbitration forum within the time period agreed on per the terms and conditions of the agreement to arbitrate.  As a result, Plaintiff has waived her right

2

to bring her claims in this Court because she waived her right to seek the relief in the arbitration forum, as she agreed to do as part of her employment contract with Defendant.

In the employment law context, arguments regarding the failure to exhaust administrative remedies are common place and routinely act to bar the claims of plaintiffs who have failed to satisfy all prerequisites before filing their claims in courts. By way of analogy, Plaintiff's situation is not very different from a party who is barred from filing a claim under Title VII directly with the Court as a result of not satisfying all prerequisites before bringing her claims. In actions brought under a Title VII claim, until a plaintiff has satisfied all of her obligations and prerequisites, and has done so within 300 days of the alleged wrongful actions by her employer, the Court would not be able to review such claims and would bar that plaintiff from seeking relief until all appropriate prerequisite obligations, including exhausting administrative remedies, were exhausted.  Furthermore, and as part of that example, if a plaintiff decided to not file her claims with the administrative agencies within the mandatory 300 day time frame, she will be seen as having waived her right to bring her claim and a Court would similarly be without jurisdiction to hear such claims.  Consequently, in reviewing a plaintiff's premature claims, the Court would not have the authority to send the claims back to an administrative agency for review since plaintiff would be seen as having failed to exhaust that remedy before coming to Court.  Simply stated, the plaintiff's claims would be barred.  The same result should be drawn by analogy in this situation.

Plaintiff here has failed to satisfy all of her prerequisite obligations contained in the arbitration clause of her employment agreement with Defendant.  Specifically, because Plaintiff has failed to follow the mandatory arbitration procedures discussed in her employment contract with Defendant, she should not be allowed to unilaterally avoid those same contractual terms and

skip over her contractual obligations whereby she agreed to first present any claims she would have against Defendant to an arbitrator. Her failure to act in a timely manner under the terms and conditions of the arbitration agreement must be viewed as her waiver to bring any claims arising from the employment contract in any forum, including this Court.

          Respectfully submitted,

          CARR MALONEY P.C.

          By: /s/ Tina M. Maiolo
             Tina M. Maiolo, Esq., #98745
             1615 L Street, NW, Suite 500
             Washington, DC 20036
             (202)310-5585 (PHONE)
             (202)310-5555 (FAX)
             Counsel for Defendant
             The Ritz-Carlton Hotel Company
             tm@carrmaloney.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of June, 2008, a copy of the foregoing was served electronically to:

Steven Charles Kahn, Esquire
401 East Jefferson Street
Suite 201
Rockville, MD 20850

Respectfully submitted,

CARR MALONEY P.C.


By:/s/ Tina M. Maiolo_____
   Tina M. Maiolo, Esq., #98745
   1615 L Street, NW, Suite 500
   Washington, DC 20036
   (202)310-5585 (PHONE)
   (202)310-5555 (FAX)
   Counsel for Defendant
   The Ritz-Carlton Hotel Company
   tm@carrmaloney.com