UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ELAINE SHELTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-2171 (RMC) |
| | ) | |
| THE RITZ CARLTON HOTEL COMPANY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

On May 8, 2008, this Court issued a Memorandum Opinion and Order granting in part and denying in part a motion to dismiss for lack of jurisdiction filed by The Ritz Carlton Hotel ("The Ritz"). *See* Mem. Op. [Dkt. # 8]; Order [Dkt. # 9]. The Court denied the motion to dismiss with regard to Ms. Shelton's claim of discrimination based on a May 2005 incident, but granted the motion with regard to Ms. Shelton's claim of discrimination relating to a denial of promotion in September 2005. The Court found that it lacked jurisdiction over the September 2005 claim because that claim was governed by the parties' agreement to arbitrate. In making this ruling, the Court also held that The Ritz was precluded from arguing to the arbitrator that Ms. Shelton's claim was filed too late:

> Ms. Shelton asserts that in the event arbitration is required, The Ritz should be deemed to have waived the one-year time bar set forth in the employment contract. The contract requires employees to request arbitration within one year of the management decision that they wish to appeal. Def.'s Mot. to Dismiss, Ex. 1 at 12. Ms. Shelton's failure to promote claim accrued in September of 2005, and she did not file this suit until October 2007. Thus, she fears her claim is time barred.

> Pl.'s Resp. at 12. In its pleadings, The Ritz does not assert the one-year time bar, but instead requests the Court to compel Ms. Shelton to proceed in arbitration. The Court construes The Ritz' request as a concession on the time bar issue. Accordingly, The Ritz is deemed to have waived the one-year time bar and it is precluded from arguing to the arbitrator that Ms. Shelton's claim was untimely.

Mem. Op. [Dkt. # 8] at 11. The Ritz now has filed a motion for reconsideration [Dkt. # 10] or for certification of interlocutory appeal [Dkt. # 11], asserting that the Court erred when it precluded The Ritz from making a timeliness argument to the arbitrator.

"A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Fox v. Am. Airlines Inc.*, 389 F.3d 1291, 1296 (D.C. Cir. 2004) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). A Rule 59(e) motion is not "simply an opportunity to reargue facts and theories upon which a court has already ruled." *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995). Nor is it an avenue for a "losing party . . . to raise new issues that could have been raised previously." *Kattan v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993).

The Ritz contends that upon finding that the arbitration agreement governed the 2005 claim, this Court lacked jurisdiction to determine the timeliness issue. Although The Ritz neglected to make this point previously, its point is well-taken in that an arbitrator will decide this issue by reference to the parties' agreement and past practices. Other than the question of whether the parties have agreed to arbitrate, all other issues, including the defenses of waiver and delay, are for the arbitrator to decide. *Agrocomplect AD v. Republic of Iraq*, 524 F. Supp. 2d 16, 20 (D.D.C. 2007). *See also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (jurisdiction must be

established as a threshold matter; "without jurisdiction the court cannot proceed at all in any cause"); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 512 (5th Cir. 1980) (once the court determines it lacks jurisdiction, there is no jurisdiction to consider other claims or to decide a Rule 12(b)(6) motion).

In opposition to The Ritz's motion for reconsideration, Ms. Shelton argues that the imposition of the time bar would improperly deprive her of substantive rights. However, whether the time bar applies will be determined by the arbitrator. In addition, Ms. Shelton repeats her argument that the arbitration clause is not enforceable. The Court already has found that the arbitration clause is enforceable, and Ms. Shelton asserted no grounds for revocation.[1] Mem. Op. [Dkt. # 8] at 9.

For the foregoing reasons, the motion for reconsideration filed by The Ritz [Dkt. # 10] is **GRANTED**. The May 8, 2008 Memorandum Opinion and Order [Dkt. ## 8 & 9] are modified to include the following:

> The question of whether, by the contract terms or the parties' practice, The Ritz can claim an untimeliness defense with regard to the

---

[1] The May 8, 2008 Memorandum Opinion stated:

> [U]nder both D.C. and federal law one who signs a contract has a duty to read it and is obligated according to its terms. A signature on a contract indicates a mutuality of assent to which a party is bound unless she can show some special circumstance such as fraud, duress, or mutual mistake. An employer has no special duty to ensure that its employees understand the implications of signing an arbitration agreement. . . . Ms. Shelton had a duty to read the employment agreement and she is obligated by its provisions, including the agreement waiving her right to file a lawsuit and to trial by jury. She does not allege fraud, duress, or mutual mistake.

Mem. Op. [Dkt. # 8] at 8 (citations omitted).

>September 2005 claim is one to be answered by the arbitrator and not by this Court.

The May 8, 2008 Memorandum Opinion is amended to omit the following:

>The Court construes The Ritz' request as a concession on the time bar issue. Accordingly, The Ritz is deemed to have waived the one-year time bar and it is precluded from arguing to the arbitrator that Ms. Shelton's claim was untimely.
>. . .
>The Ritz will be precluded from arguing to the arbitrator that Ms. Shelton's claim was filed too late.

Mem. Op. [Dkt. # 8] at 11. Because the motion to reconsider is granted, the request for certification of interlocutory appeal [Dkt. # 11] is **DENIED** as moot.


Date: June 17, 2008                         _____/s/_____
                                                       ROSEMARY M. COLLYER
                                                       United States District Judge